IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD COHEN,<br><br>    *Plaintiff,*<br><br>v.<br><br>HOT HOUSE BEAUTY LIMITED, *et al*,<br><br>    *Defendants.* | Civil Action No. 2:22-cv-1646<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

## **ORDER OF COURT**

Plaintiff Gerald Cohen ("Cohen") commenced this action in November 2022 against multiple companies alleging that they infringed on his trademark "Tan in a Can" in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A). (ECF No. 1). On February 24, 2023, he filed a First Amended Complaint. (ECF No. 27). Count I alleges trademark infringement based on the sale of infringing products and Count II asserts a claim of infringement based on keyword search offering and hosting. These claims are directed at all Defendants. Additionally, Cohen alleges that Defendants engaged in contributory and induced infringement. (*Id.*). Defendant Amazon.com, Inc. ("Amazon") filed a Motion to Dismiss the First Amended Complaint Under Rule 12(b)(6) ("motion"). (ECF No. 30). After the conclusion of briefing, the Honorable Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that the motion be granted and that all claims against Amazon be dismissed with prejudice. (ECF No. 66). The parties were given the opportunity to file objections. Objections were filed by Cohen (ECF No. 68), and then Amazon filed an Opposition to the Objections (ECF No. 69).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).

The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Upon review of Magistrate Judge Dodge's Report and Recommendation, the objections, response to the objections, and Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that the objections (ECF No. 68) to Magistrate Judge Dodge's Report and Recommendation are OVERRULED. The Court has exercised its *de novo* review and concurs with Magistrate Judge Dodge's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in the comprehensive Report and Recommendation. Therefore, the Court hereby APOPTS Magistrate Judge Dodge's Report and Recommendation (ECF No. 66) as its Opinion.

AND NOW, this 7th day of July 2023, IT IS HEREBY ORDERED that Defendant Amazon.com, Inc.'s Motion to Dismiss the First Amended Complaint Under Rule 12(b)(6) (ECF No. 30) is GRANTED. All claims against Defendant Amazon.com, Inc. are DISMISSED WITH PREJUDICE.[1] Defendant Amazon.com, Inc. is hereby TERMINATED as a party in this matter.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has already amended his complaint once and the Court finds further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").